PER CURIAM:
The claimant brought this action for damage to her vehicle after encountering an object on Interstate 64 in Greenbrier County.
The incident giving rise to this claim occurred on April 7, 1995, at approximately 6:30 a.m. The claimant was driving her 1992 Subaru Legacy westbound on 1-64 between White Sulphur Springs and Lewisburg near mile marker 173. The weather was dry and the claimant was familiar with the road. The evidence adduced at hearing was that as the claimant drove across a bridge, her vehicle struck an unidentified object in the road that cut open the left front tire. The claimant lost control of the vehicle and crashed into a concrete embankment. The claim before the Court is for her $500.00 insurance deductible.
The claimant testified at hearing that she was traveling approximately 65 miles per hour. She said that she believed that she struck a loose manhole cover but was unable to identify the object. Testimony from the respondent indicated that there were no manholes on the bridge, but *101 that there were a number of grates along the berm area near the bridge wall.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (1947). The general rule is that for the respondent to be held liable for road hazards of this sort, the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). While sympathetic to the claimant’s position, the Court cannot speculate as to the nature of the object that she encountered. Therefore, in view of the foregoing, the Court is constrained by the evidence and the law to deny the claim.
Claim disallowed.